### FRED. ENDOM vs. JOHN T. LUDELING.

MAYO, J. A mortgage, resulting from the recordation of a judgment, may be enforced by the hypothecary action against the homestead of the debtor after he has parted with the title thereto. The decision in 29 An. 330 is not *stare decisis*, and has been questioned in 32 An. 444.

2. It is admitted that one decision by a divided Court does not constitute *stare decisis* as to the Supreme Court, and there is no reason why it should bind the Circuit Court. While conceding that the Supreme Court is one of more extensive jurisdiction and importance than the Circuit Court, and that great deference should be paid to the opinions of that Court, yet our decisions are final, and our duty to decide cases, under our official oaths, according to our convictions, does not differ from that of the Judges of the Supreme Court.

We think that the reasoning of Justice Spencer in the dissenting opinion in 29 An. 330, is a true exposition of the law on the subject discussed, and that, under the law as it existed prior to the Constitution of 1879, a mortgage can be enforced against the debtor's homestead when, for any reason, the exemption ceases to exist.

In this case, M. J. Liddell, Judge *ad hoc*, dissents.

---

### J. G. SANDERS, vs. J. M. BALL.

MAYO, J. Where intervenor alone appeals, the amount of the matter in dispute between him and plaintiff will determine the jurisdiction of this Court.

---

### A. WILLIS vs. J. G. W. LEWIS.

MAYO, J. Where the lessee is using mules of a third person to haul cotton from the field, and keeps them on the premises for that purpose for several weeks, the mules cannot be seized for rent; they do not serve for the working of the farm leased, within the meaning of the law.